UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| THOMAS NORTON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 5: 16-438-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MARTY PERRY, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On November 28, 2016, the defendants removed this matter from the Commonwealth of Kentucky's Fayette Circuit Court pursuant to 28 U.S.C. § 1441.  [Record No. 1]  On December 2, 2016, the plaintiffs moved to remand the matter back to the state court.  The plaintiffs also sought to recover their attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c).  [Record No. 5]  For the reasons that follow, the plaintiffs' motion will be granted.

**I.**

The plaintiffs are residents and owners of real property located in Clark and Fayette Counties, Kentucky.  [Record No. 1–1, p. 3]  On November 26, 2008, they filed suit in the Fayette Circuit Court, challenging the defendants' efforts to have their property listed on the National Register of Historic Places ("National Register").  *See* 54 U.S.C.§ 302101 *et seq.  See also* 36 C.F.R. § 800.16(l).  [*See* Record No. 1–1.]  Specifically, the plaintiffs allege that the defendants' actions constituted unconstitutional taking of their property.  The plaintiffs also claim that their rights to substantive and procedural due process were violated, as the defendants did not provide them with adequate notice and an opportunity to be heard, despite

- 1 -

the continued efforts to have the property placed on the National Register. *Id.* at p. 11. Additionally, the plaintiffs sought injunctive relief, asking that the defendants be stopped from attempting to have their property designated on the National Register. *Id.* at 13.

Protracted litigation ensued over the next several years. The matter worked its way to the Kentucky Court of Appeals and then back to the Fayette Circuit Court. Most recently, the circuit court granted partial summary judgment in the plaintiff's favor, concluding that that the defendants had violated their due process rights.[1]  [Record No. 5–13]  On October 31, 2016, the plaintiffs filed a motion for attorneys' fees, as "substantially prevailing" parties under 54 U.S.C. § 307105.  [Record No. 1–22]  This motion for attorneys' fees under a federal statute forms the basis of the defendants' notice of removal.

The parties dispute whether the Complaint was removable in the first instance. The defendants contend that, because the plaintiffs made no reference to the United States Constitution or 42 U.S.C. § 1983, it is likely the plaintiffs' constitutional claims were brought pursuant to the Kentucky Constitution. The plaintiffs argue that federal subject matter jurisdiction existed regardless, because the plaintiffs challenged federal law, as well as the defendants' actions pursuant to it.

## II.

The National Historical Preservation Act (the "Preservation Act") authorizes the Secretary of the Interior "to expand and maintain a National Register of districts, sites,

---

[1] The court concluded that genuine issues of material fact remained with respect to the plaintiffs' takings claims and that a hearing would be helpful to determine whether the process employed by the defendants was a "'taking' in the Constitutional sense." [Record No. 5–13, pp. 4–5]

buildings, structures, and objects significant in American history, architecture, archeology, engineering, and culture." 36 C.F.R. § 60.1. Under the Preservation Act, the Secretary is charged with promulgating regulations for nominating properties to the National Register and notifying property owners when property is being considered for inclusion on the register. 54 U.S.C. § 302103. Before any property may be included in the National Register, the owners of such property—or a majority of owners within the district in the case of a historic district—must be given the opportunity to object to the nomination of the property for inclusion. *Id*. at § 302105. Generally, the Preservation Act prohibits inclusion of the district on the register if a majority of the owners in the district object. *See id.*

The states play a role in carrying out the objectives of the Preservation Act. The Code of Federal Regulations provides guidelines that a State Historic Preservation Officer must follow in identifying and nominating eligible properties to the National Register. *See* 36 C.F.R. § 60.6. For example, the state officer is required to notify the property owners of the agency's intent to nominate property at least 30 days before a meeting of the State Review Board. 36 C.F.R. §60.6(d). The agency also must provide "an opportunity for the submission of written comments and provide [property owners] . . . an opportunity to concur in or object in writing to the nomination." *Id.*

Pursuant to the guidelines outlined in 36 C.F.R. § 60.6, the Kentucky Heritage Commission has adopted the following procedures:

> Prior to deciding whether to nominate a district, site, building, or object to the National Register of Historic Places created by the National Historic Preservation Act of 1966, the Kentucky Historic Preservation Review Board and the Kentucky Heritage Commission shall afford persons desiring to comment on the proposed nomination the opportunity to be heard by the board, in accordance with subsection (2) of this section.

- 3 -

The Kentucky Heritage Commission shall give public notice of the proposed nomination of any district, site, building, or object to the National Register of Historic Places before such nomination is presented to the Kentucky Historic Preservation Review Board.  The notice shall be published in the county in which the district, site, building, or object is located in accordance with KRS Chapter 424, except that the notice shall be published only one (1) time, at least thirty (30) days prior to the review board's consideration of the nomination.  The notice shall state the time and place of the meeting at which the nomination is to be considered and shall indicate that any person desiring to be heard by the historic preservation review board shall be afforded the opportunity to comment on the proposed nomination.

K.R.S. § 171.382.

## III.

Federal jurisdiction exists when a federal question is presented on the face of a plaintiff's well-pleaded complaint.  28 U.S.C. § 1331.  *See also Loftis v. UPS, Inc.*, 342 F.3d 509, 514 (6th Cir. 2003).  When the case stated by the complaint presents a federal question (and, therefore, is one over which this Court has original jurisdiction), the notice of removal must be filed within 30 days of service on the defendant.  *See* 28 U.S.C. § 1446(b)(1).

The defendants contend that a federal question was not apparent on the face of the Complaint because it contained no reference to the United States Constitution.  While the plaintiffs complained of due process and takings violations, these claimed violations are actionable under the Kentucky Constitution.  *See Bd. of Educ. v. Jayne*, 812 S.W.2d 129, 131 (Ky. 1991) (Kentucky Constitution Section 2 "is broad enough to embrace the traditional concepts of both due process of law and equal protection of the law.").  *See also* Ky. Const. § 13 (prohibiting takings).  Further, vague references to constitutional rights, without more, will not confer federal question jurisdiction under § 1331.  *See e.g., Fields v. District of Columbia*, 155 F. Supp. 3d 9 (D.D.C. 2016) (stray references in complaint to "substantive and due process

- 4 -

rights," were not sufficient to confer federal jurisdiction).  *See also Julien v. Myers*, No. 4: 09-CV-613, 2009 WL 1382953, at *4 (E.D. Mo. May 14, 2009) (collecting cases).

Assuming, *arguendo,* that the plaintiffs did not assert claims under the United States Constitution, they clearly challenged the defendants' actions carried out pursuant to a federal program.  While the mere presence of a federal issue in a state cause of action does not automatically create federal-question jurisdiction, the plaintiff's characterization of a claim as based on state law is not dispositive of whether federal jurisdiction exists.  *See Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986).  *See also Grable & Sons Metal Prods., Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 313 (2005).  However, the Court need not decide whether an embedded federal law claim was sufficiently stated on the face of the Complaint to have made "arising-under" jurisdiction apparent in the first instance.  *See Grable & Sons Metal Prods., Inc.*, 545 U.S. at 313.

If removability is not apparent from the face of the complaint, the 30-day removal period begins running from the date that a defendant receives solid and unambiguous information that a case is removable.  *Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 364 (6th Cir. 2015).  Such information can come in the form of an amended pleading, motion, order, or other paper.  *Id.*

The defendants' motion to dismiss the plaintiffs' original Complaint, filed in December 2008, indicates that all parties believed that federal claims were at issue.  [*See* 1–2, pp. 61–122, parties' briefing on Motion to Dismiss]  A September 9, 2009 hearing transcript reveals that the plaintiffs did, in fact, challenge the constitutionality of the federal regulations at issue.[2]

---

[2] "It seems to me that the federal regulations that have been argued and articulated throughout this process . . . I don't think there is any way one can conclude otherwise than that the federal

[Record No. 5–8]  Apparently concerned that it did not have jurisdiction to decide the federal issues, the state court dismissed the case on November 3, 2009, citing a "fundamental issue of jurisdiction."  [Record No. 1–9, p. 54]  On January 11, 2013, the Kentucky Court of Appeals determined that the state court had concurrent jurisdiction over the federal questions, however, and reversed and remanded the circuit court's decision.[3]  [Record No. 5–9, p. 14]  On September 13, 2016, the Fayette Circuit Court granted partial summary judgment in the plaintiffs' favor.[4]  [Record No. 5–13]  These opinions constitute "solid and unambiguous information" that the case was removable.[5]

It further strains credulity to believe that the defendants were unaware of the removability of the case on November 10, 2014, when they filed their Answer to the Plaintiffs' First Amended Complaint.[6]   [Record No. 1-12]   The Amended Complaint contained

---

regulations are arbitrary, they're unclear. . . .  I think they are capricious. . . .  I think the federal regs and the process do violate landowners' due process rights."

[3] On appeal, the defendants argued that "actions involving Section 106 of the NHPA must be raised pursuant to the [Administrative Procedures Act]" and argued that such actions fall within the exclusive jurisdiction of the federal district courts.

[4] The circuit court stated: "[t]he posture of the case that went to the Court of Appeals was to appeal this Court's Order that essentially dismissed all claims of the Plaintiffs for lack of jurisdiction to decide a federal regulation issue. . . . [T]he regulations in question were arbitrary and unclear as evidenced by the fact the Defendants had to call Washington, D.C. for clarification."

[5] The defendants concede that both the circuit court and court of appeals made determinations regarding the validity of the regulations governing nomination to the National Register. [Defendant's Objections, Record No. 7–1, p. 3]

[6] Defendants Sipple and Zeoli filed a separate Answer on March 6, 2015, alleging that, because the action "involves the interpretation and application of federal law and regulation, including . . . 36 C.F.R. Part 60," the matter must be removed to federal court.  [Record No. 1–16, pp. 3–4]

allegations that the relevant federal regulations were arbitrary and capricious. As their seventh defense, the defendants asserted that the circuit court lacked jurisdiction "over all or some" of the plaintiffs' claims because the action "involves a federally mandated procedure under 36 C.F.R. part 60, and, therefore, any action should be removed to [federal court]." *Id.* at 2–3.

Statutes conferring removal jurisdiction are to be construed strictly. *Holston v. Carolina Freight Carriers Corp.*, 936 F.2d 573 (6th Cir. 1991) (table) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). Accordingly, the thirty-day time limitation is construed strictly against the extension of federal jurisdiction. *See Shamrock Oil & Gas Corp.*, 313 U.S. at 109. A defendant may not ignore information in its possession that supports removability and "delay litigation in state court unless and until the federal forum proves more desirable." *Graiser v. Visionworks of Am., Inc.*, 819 F.3d 277, 286 (6th Cir. 2016). In this case, the notice of removal, filed nearly four years after the Kentucky Court of Appeals ruling on concurrent jurisdiction, is woefully late.

## IV.

Having concluded that this action was improperly removed, the Court must determine whether costs and attorney fees are warranted under the circumstances presented. Title 28, section 1447(c), of the United States Code provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In determining whether fees should be awarded in a given case, the Supreme Court has explained that

> the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.

- 7 -

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted).  Here, as of the Kentucky Court of Appeals decision in 2013 (at the latest), the defendants possessed solid and unambiguous information that this action was removable.  The defendants' position regarding removability is not supported by the statute or the case law and, based on the record, is objectively unreasonably.  Accordingly, the plaintiffs' motion for attorney fees and costs will be granted.

**V.**

Based on the foregoing, it is hereby

      **ORDERED** as follows:

      1.    The plaintiffs' motion to remand and for attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c) [Record No. 5] is **GRANTED.**  The plaintiffs are awarded attorneys' fees in the amount of $12,156.25, plus costs of $42.10.

      2.    This matter shall be **REMANDED** to the Fayette Circuit Court for further proceedings.

      This 3rd day of January, 2017.



Signed By:

*Danny C. Reeves*  DCR

**United States District Judge**